UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SKANSKA USA BUILDING INC.  )
55 Ivan Allen Jr. Boulevard  )
Suite 600  )
Atlanta, GA 30308  )
  )
   Plaintiff,  )  Civil Action No. _____
  )
v.  )
  )
UNITED STATES DEPARTMENT  )
OF HEALTH AND HUMAN  )
SERVICES, CENTERS FOR  )
DISEASE CONTROL AND  )
PREVENTION  )
  )
   Defendant.  )
_____  )

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended, to enjoin Defendant, United States Department of Health and Human Services, Centers for Disease Control and Prevention, from withholding from public disclosure certain records that are within its possession, custody and control.

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Skanska USA Building Inc. ("Skanska"), is a company engaged in the business of construction contracting.

4. Defendant, United States Department of Health and Human Services, Centers for Disease Control and Prevention ("CDC"), is an agency of the United States.

5. On September 6, 2002, CDC entered into Contract No. 200-2002-00668 with Skanska whereby Skanska agreed to serve as the construction manager as constructor for a new

DC1 30231826.1

CDC laboratory located in Fort Collins, Colorado known as the NCID/DVBID Replacement Laboratory (the "Project").

6. On December 13, 2006, Skanska's counsel transmitted a letter to CDC requesting access to certain documents under the Freedom of Information Act (the "FOIA Request"). A true and accurate copy of this letter is appended hereto as Exhibit A. As set forth in the FOIA Request, Skanska requested access to CDC records concerning funding, appropriations and budgets for, and the completion of, the Project.

7. CDC has possession of the records to which Skanska seeks access.

8. By letter dated December 14, 2006, a true and accurate copy of which is appended hereto as Exhibit B, CDC acknowledged receipt of the FOIA Request. However, this letter failed to state whether CDC would or would not provide access to the requested documents, and failed to state when CDC would make such a determination.

9. By letter dated January 29, 2007, a true and accurate copy of which is appended hereto as Exhibit C, Skanska's counsel advised CDC that it had failed to provide a substantive response to the FOIA Request.

10. On January 31, 2007, CDC sent another letter to Skanska's counsel, a true and accurate copy of which is appended hereto as Exhibit D. However, once again, this letter failed to state whether CDC would or would not provide access to the requested documents, and also failed to state when CDC would make such a determination.

11. As of the date this Complaint was filed, CDC has confirmed there are documents responsive to the FOIA Request, but is has refused to identify the volume of those documents, has failed to provide Skanska or its counsel access to any such documents, has failed to identify which documents it will disclose and which it will not, has not identified any exemptions from

disclosure, and has refused to advise Skanska's counsel when CDC will make a determination on the FOIA Request.

12. Through its conduct described above, CDC, in violation of the Freedom of Information Act, has improperly withheld and denied Skanska access to the records sought through the FOIA Request.

13. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), Skanska has a right of access to the documents sought through the FOIA Request, and CDC has no legal basis for its actions in withholding, and denying Skanska access to, such documents.

14. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(C)(i), Skanska has constructively exhausted its administrative remedies and has complied with all applicable agency regulations concerning the FOIA Request.

WHEREFORE, Skanska prays this Court for the following relief:

a. For an Order that requires CDC to provide Skanska access to the documents sought in the FOIA Request; and

b. For such other and further relief as the Court may deem just and proper.

Dated: June 9, 2008

SEYFARTH SHAW LLP

*/s/ David A. Blake*

Bennett D. Greenberg (DC Bar # 358312)
David A. Blake (DC Bar # 463940)
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
Telephone: (202) 463-2400
Fax: (202) 641-9223

Counsel of Record for Plaintiff, Skanska USA Building Inc.

# SEYFARTH
## ATTORNEYS SHAW LLP

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004

202-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone
(202) 828-5336

Writer's e-mail
bgreenberg@seyfarth.com

December 13, 2006

**VIA FACSIMILE (404) 639-7395**
**AND U.S. MAIL**

CDC/ATSDR
1600 Clifton Road, N.E.
Atlanta, GA 30333
Attn: FOIA Office, MS-D54

Re:   Freedom of Information Act Request

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended (the "Act"), and its implementing regulations, we hereby request that you provide to us the following information:

1.   Copies of all documents related to the funding for the construction of the Ft. Collins, Colorado Laboratory Replacement Building under Contract No. 200-2002-00668 (the "Project") for the Centers for Disease Control and Prevention ("CDC"). Such documents include, but are not limited to: (a) anticipated or projected funds to pay for the costs of the Project, including, but not limited to, projected costs and funds to pay for the operation, maintenance and security of the facility, (b) contract modifications affecting the funding levels for the Project, including, but not limited to, available funds to pay for the operation, maintenance and security of the facility, (c) internal CDC correspondence of any nature regarding the funding for the Project, including its operation, maintenance and security, and (d) all other correspondence or communications between the CDC and any other individual or concern with respect to the funding for the Project, including, but not limited to, the operation, maintenance and security of the facility.

2.   Copies of all documents concerning the sources of funds, budgets and appropriations for operation, security and maintenance of the building post-turnover. In addition, all correspondence of any nature regarding whether the budget for post-turnover operation, maintenance, and security of the building has been approved, and if not, the status of such funding.

3.   Copies of all documents related to the completion of the Project, including, but not limited to, all correspondence, e-mails, memoranda, reports, notes, and other documents by or between the CDC and any other individual or concern reflecting CDC's readiness for substantial

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

DC1 30177911.1



CDC/ATSDR
December 13, 2006
Page 2

completion and/or taking occupancy of the Project, including its readiness to operate, secure and maintain the facility.

We are prepared to reimburse the Government for search and copying expenses reasonably incurred in complying with this request. This letter authorizes you to incur up to $250.00 in such charges that are reimbursable under the regulations. Please contact us prior to incurring charges greater than $250.00 so that we can approve payment of these fees.

If you conclude that the requested documents contain both exempt and non-exempt material and you decide not to disclose the exempt material, we request that all non-exempt material be disclosed and that the deletion of exempt material be plainly and conspicuously indicated. If you determine that any document or parts of a document are exempt and you decide not to release such document, we request that you provide us with a Vaughn Index and specifically note which exemption(s) contained in the Act you believe pertain to each document or part of a document that you decide not to release.

If you determine that a requested document is not in the Government's possession, we request that you identify all federal agencies or other entities believed to possess such document and the specific document or categories of documents believed to be in the possession of each such federal agency or other entity. We request that any notification of this determination be provided within ten (10) working days of the submission of this request.

Document(s) responsive to this request should be delivered to Seyfarth Shaw, LLP, Attn. Bennett Greenberg, Esq., 815 Connecticut Avenue, N.W., Suite 500, Washington, D.C., 20006. If you prefer, we are willing to arrange for alternative delivery options.

Finally, we request that this matter be handled in an expedited fashion. If there is anything we can do to assist you, please contact me at the number listed above.

Sincerely,

SEYFARTH SHAW LLP

Bennett D. Greenberg

DC1 30177911.1

December 14, 2006

Bennett Greenburg
Seyfarth Shaw, LLP
815 Connecticut Avenue, NW
Suite 500
Washington, DC 20006-4004

Dear Mr. Greenburg:

This letter is in response to your Freedom of Information Act (FOIA) request of December 13, 2006.

Your Freedom of Information Act request has been received by the Centers for Disease Control and Prevention (CDC)/Agency for Toxic Substances and Disease Registry(ATSDR) and has been sent to the area(s) which may have pertinent records. Program officials will initiate a search, and a response will be sent to you as quickly as possible. All requests are handled on a first-in, first-out basis.

Your request has been assigned # 07-00214-FOIA.

                          Sincerely,

                          Freedom of Information Act Office
                          Office of the Chief of Staff
                          (404) 639-7270

NOTE: There may be a charge for processing your request.

# SEYFARTH SHAW LLP
ATTORNEYS

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004

202-463-2400
fax 202-828-5393
www.seyfarth.com

Writer's direct phone
(202) 828-5336

Writer's e-mail
bgreenberg@seyfarth.com

January 29, 2007

**VIA FACSIMILE (404) 639-7395**
**AND U.S. MAIL**

CDC/ATSDR
1600 Clifton Road, N.E.
Atlanta, GA 30333
Attn: FOIA Office, MS-D54

Re:   Freedom of Information Act Request

Dear Sir/Madam:

By letter dated December 13, 2006, I sent a Freedom of Information Act (FOIA) request to CDC/ATSDR, which it received that day and assigned No. 07-00214-FOIA. Pursuant to 5 U.S.C. § 552, within 20 working days of receiving that request, CDC/ATSDR was required to determine whether it would comply with that request and immediately provide me with notice of CDC/ATSDR's determination. In unusual circumstances, an agency can extend this period, but if it does, it must notify the requestor of this decision in writing within the 20-day period, state the unusual circumstances, and provide the date when it expects to provide its determination. So far, CDC/ATSDR has neither provided me with its determination as to whether it will comply with my request, nor provided me with a date as to when it plans to do so. CDC/ATSDR's letter dated December 14, 2006 merely acknowledges that it received my request. Courts have held that acknowledging receipt of a request is not the equivalent of providing a "determination" within the meaning of the FOIA. See Peck v. C.I.A., 787 F.Supp. 63 (S.D.N.Y. 1992). To avoid court intervention, I must immediately receive CDC/ATSDR's determination as to whether it will comply with Request No. 07-00214-FOIA.

Sincerely,

SEYFARTH SHAW LLP

*Bennett D. Greenberg*

Bennett D. Greenberg

BRUSSELS | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA

DC1 30177911.2



**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Public Health Service

Centers for Disease Control
and Prevention

January 31, 2007

Bennett Greenburg
Seyfarth Shaw, LLP
815 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20006-4004

Dear Mr. Greenburg:

This letter is in response to your Freedom of Information Act (FOIA) request of December 13, 2006, pertaining to copies of various documents related to the funding and project completion for the construction of the Fort Collins, Colorado, Laboratory Replacement Building under contract #200-2002-00668.

An e-Mail was sent to you December 14, 2006, addressed to bgreenberg@seyfarth.com and again to dblake@seyfarth.com dated January 29, 2007, in which we informed each of you that your firm's Freedom of Information Act request had been received by the Centers for Disease Control and Prevention (CDC)/Agency for Toxic Substances and Disease Registry (ATSDR) and had been sent to the area(s) which may have pertinent records. We informed you that program officials will initiate a search, and a response will be sent to you as quickly as possible. Additionally, you were informed that your request would be handled on a "first-in, first-out" basis.

CDC and ATSDR have adopted the court-approved practice of handling backlogged FOIA requests on a "first-in, first-out" basis. The processing time for your request will depend on where it falls in the queue and upon the complexity of those ahead of yours. Every effort will be made to provide your response as quickly as possible. I can assure you that agency staff are currently processing your requests and the FOIA staff will provide all records to which you are entitled.

FOIA does not require agencies to make records available within a specific amount of time. Congress did not establish a statutory deadline for making releasable records available, but instead required agencies to make them available promptly. Agencies, however, are required to inform requesters within 20 working days of receipt of a request as to whether the agency will comply with the request. Our acknowledgements have informed you that we will comply with your request. This will occur after a thorough FOIA review for exempt material, as required.

Sincerely yours,

Lynn Armstrong
CDC/ATSDR FOIA Officer
Office of the Chief of Staff
(404) 639-7270
Fax: (404) 639-7395

07-00214

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Skanska USA Building Inc. | United States Department of Health and Human Services, Centers for Disease Control and Prevention |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David A. Blake
Seyfarth Shaw LLP
815 Connecticut Ave., NW, Suite 500
Washington, DC 20006
(202) 463-2400

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. 552. Complaint to enjoin agency from improperly withholding documents requested under the Freedom of Information Act.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE June 9, 2008    SIGNATURE OF ATTORNEY OF RECORD *David A. Blake*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.