# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SKANSA USA BUILDING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-988 (JDB) |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| CENTERS FOR DISEASE CONTROL | ) | |
| AND PREVENTION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, through its undersigned counsel, respectfully moves this Court for an order

dismissing this case on the ground that this Court lacks subject matter jurisdiction over the

Complaint.  Fed. R. Civ. P. 12(b)(1) & 12(h)(3).  The grounds for this relief are set forth in the

accompanying Defendant's Memorandum in Support of Motion to Dismiss filed herewith.

Dated: July 17, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SKANSA USA BUILDING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-988 (JDB) |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| CENTERS FOR DISEASE CONTROL | ) | |
| AND PREVENTION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This case involves the defendant United States Department of Health and Human Services, Centers for Disease Control and Prevention ("CDC")'s duty to process a particular request made under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Although the agency received the FOIA request which is the subject of this litigation, this case should be dismissed for two independent reasons. First, plaintiff lacks standing to pursue this case because it never actually made a request for documents under the Freedom of Information Act. Second, the FOIA requester has failed to exhaust its administrative remedies by failing to pay the fees associated with CDC's search for responsive information. Because plaintiff lacks standing and has not exhausted its administrative remedies, this Court does not have subject matter jurisdiction over this case and it should be summarily dismissed. Fed. R. Civ. P. 12(b)(1) & 12(h)(3).

<u>**Argument**</u>

I.    <u>**Facts**</u>

The FOIA request plaintiff seeks to challenge is attached as Exhibit A to the Complaint.
<u>See</u> Complaint, ¶ 6 & Exhibit A.  Nowhere does that December 13, 2006 Letter from Bennett D.
Greenberg to the CDC mention Skanska.  <u>See</u> Complaint, Exhibits A & C.  In fact, as the
Declaration of Lynn Armstrong ("Armstrong Dec.") evidences, the CDC has never received a
FOIA request from the named plaintiff in this case, Skanska.  <u>See</u> Armstrong Dec. ¶ 5 (attached
as Exhibit 1).  Although the CDC received and responded to the request from the person
identified as Bennett Greenberg, who is associated with the law firm (Seyfarth Shaw LLP)
representing Skanska in this matter, neither the request itself nor Mr. Greenberg's subsequent
correspondence ever mentioned Skanska.  <u>See</u> Complaint, Exhibits A-D; Armstrong Dec. ¶¶ 4, 6.

Also, CDC sent Mr. Greenberg a letter dated June 5, 2008 noting that CDC's processing
of his FOIA request was almost complete and enclosing an "Invoice of Fees for Freedom of
Information Act Services."  Armstrong Dec., Exhibit 1.  Neither Mr. Greenberg (nor Skanska)
paid or agreed to pay the fees detailed in the invoice or acknowledged the invoice sent by the
CDC on June 5, 2008.  Armstrong Dec. ¶ 6.  Plaintiff filed this action on June 9, 2008.  <u>See</u>
Docket Entry No. 1.

II.    <u>**Standard of Review**</u>

Federal courts are courts of limited jurisdiction and must dismiss claims over which they
lack subject-matter jurisdiction.  <u>Runkle v. Gonzales</u>, 391 F. Supp. 2d 210, 219-20 (D.D.C.
2005).  The party seeking to invoke the jurisdiction of a federal court bears the burden of
establishing the court's subject-matter jurisdiction.  <u>Id.</u>  at 220; <u>see</u> <u>U.S. Ecology, Inc. v. Dep't of</u>

the Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  In deciding a motion to dismiss for lack of

subject-matter jurisdiction, a court is not limited to the allegations contained in the complaint; it

may consider materials outside the pleadings.  Herbert v. Nat'l Academy of Sciences, 974 F.2d

192, 197 (D.C. Cir. 1992); Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22

(D.D.C. 2000).

   Although the D.C. Circuit has held that exhaustion of a FOIA request "is not

jurisdictional because the FOIA does not unequivocally make it so," Hidalgo v. Federal Bureau

of Investigation, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (citing I.A.M. Nat'l Pension Fund Ben.

Plan C. v. Stockton TRI Indus., 727 F.2d 1204, 1208 (D.C. Cir. 1984)), still "as a jurisprudential

doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the

'particular administrative scheme' support such a bar," Hidalgo, 344 F.3d at 1258-59 (quoting

Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990)).  Here, plaintiff

has bypassed the administrative scheme altogether and the FOIA requester failed to respond

promptly to CDC's request for payment of fees after the search had been conducted.[1]  Under

these circumstances, prudence dictates requiring completion of the administrative process and

avoiding prematurely addressing the merits of this action, even if subject matter jurisdiction

existed, which it does not.

---

[1]  As evidenced in the Declaration of Lynn Armstrong, the CDC requested payment by
the FOIA requester within 30 days of CDC's June 5, 2008 letter.  See Declaration of Lynn
Armstrong, ¶ 6 & Exhibit 1.  When Ms. Armstrong executed her declaration on July 7, no
payment had been received.  Id.  CDC later received payment of the fees from the requester and
released the responsive documents with certain information withheld under applicable FOIA
exemptions.  See July 9, 2008 letter from HHS to Mr. Greenberg (attached as Exhibit 3).
Because the FOIA requester, Mr. Greenberg, is not a party to this action and should be required
to exhaust an administrative appeal if he wishes to challenge the withholdings, defendants are not
addressing the withholdings or the adequacy of CDC's search in this motion.

**III.**     <u>**Plaintiff Lacks Standing Because Skanska Is Not the FOIA Requester**</u>

All plaintiffs seeking to invoke a federal court's authority must satisfy the case or controversy requirements of Article III of the Constitution. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). Without the required standing, a court is without subject matter jurisdiction to render a decision. Under FOIA, the only parties who can appeal an agency's actions are those who have previously made a formal request for documents within the meaning of the statute. <u>McDonnell v. United States</u>, 4 F.3d 1227, 1236-37 (3d Cir. 1993). Because Skanska did not make the request for disclosure of documents described in the Complaint, it lacks standing to sue under FOIA. <u>McDonnell</u>, 4 F.3d at 1236-38; <u>Unigard Ins. Co. v. Department of Treasury</u>, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) (holding that an attorney's client lacked standing to appeal under FOIA where the attorney had made the request individually without indicating that he represented his client); <u>see</u> <u>Lamb v. Internal Revenue Serv.</u>, 871 F. Supp. 301, 303 (E.D. Mich. 1994) (dismissing wife as a plaintiff where only her husband signed a FOIA request). Moreover, this general rule is not altered by any interest in the same subject or relationship with the actual FOIA requester, Mr. Greenberg, that Skanska may have. <u>Unigard</u>, 997 F. Supp. at 1342 ("It is irrelevant that ATF agents in Utah knew that [the attorney] represent[ed] [his client]."); <u>Lamb</u>, 871 F. Supp. at 303 (dismissing wife from FOIA appeal despite her involvement in litigation for which the documents had been sought under FOIA). The law is specific on this point and has been narrowly interpreted by the courts to avoid an avalanche of suits brought by people who share an interest in the subject of another party's FOIA request but who had not pursued the administrative remedies available under FOIA.

Dismissal is appropriate when the named plaintiff, here Skanska, was not the FOIA

requestor.  In Maxxam, Inc. v. Federal Deposit Insurance Corp., Civil Action No. 98-989 (EGS),

Judge Sullivan held that:

> A person whose name does not appear on a request for records has not made a
> formal request within the meaning of the statute.  Such a person, regardless of his
> or her personal interest in disclosure of the requested documents, has no right to
> receive either the documents, . . . or notice of an agency's decision to withhold the
> documents . . . ."  McDonnell v. United States, 4 F.3d 1227, 1237 (3rd Cir. 1993).
> In the instant litigation, plaintiff's attorney made the FOIA request in its own
> name.  "Accordingly, a person like [Maxxam, Inc.] whose name does not appear
> on a request for records may not sue in district court . . .because [it] has not
> administratively asserted a right to receive them in the first place." McDonnell, 4
> F.3d at 1237.

Maxxam, No. 98-0989 (D.D.C. Jan. 21, 1999), slip op. at 5 (attached as Exhibit 2); Three Forks

Ranch Corp. v. Bureau of Land Mgmt., 358 F.Supp.2d 1, 2 (D.D.C. 2005) (holding that "a FOIA

request made by an attorney must clearly indicate that it is being made 'on behalf of' the

corporation to give the corporation standing to bring a FOIA challenge"); cf. Burka v.

Department of Health & Human Servs., 142 F.3d 1286, 1290-91 (D.C. Cir. 1988) (refusing to

award attorney fees to plaintiff who claimed was suing for unnamed party because of "dangers

inherent in recognizing an 'undisclosed' client as the real plaintiff").  The Maxxam rule is not

altered merely because Mr. Greenberg might have been acting as Skanska's counsel at the time

he made the FOIA request.   "Any arrangements [plaintiff's attorney] had with a third party are

legally irrelevant for the purposes of [t]his FOIA request."  Maxxam, slip op. at 6, quoting Burka

v. United States Dep't of Health & Human Servs., 142 F.3d 1286, 1291 (D.C. Cir. 1998).

This case is exactly like Maxxam:  the FOIA request at issue was not made by the

plaintiff, Skanska, but instead apparently by its counsel, Bennett Greenberg, in his own name and

without reference to any representation of Skanska.  See also Complaint, Exhibit C ("By letter dated December 13, 2006, I sent a Freedom of Information Act (FOIA) request to CDC. . ."). Judge Sullivan concluded in Maxxam that "only plaintiff's attorney had standing to bring this suit when defendant failed to comply with the statutory time limits. Therefore, plaintiff's attorney, but not plaintiff, is the real party-in-interest to this suit." Maxxam, No. 98-0989, slip op. at 6.  In this case, the FOIA request was not made by or on behalf of the plaintiff, Skanska, and therefore, Mr. Greenberg, not Skanska, is the real party in interest.  Accordingly, as in Maxxam, based on the plaintiff's lack of standing, the Court should dismiss this case.  Fed. R. Civ. P. 12(b)(1) & 12(h)(3).

Having now paid the fees associated with the FOIA request and received the documents, Mr. Greenberg is now free to pursue an administrative appeal if he elects to challenge any aspect of the CDC's response.  Exhaustion of such administrative remedies is required under the FOIA before a party can seek judicial review.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  Having now received the responsive documents prior to instituting a lawsuit by the FOIA requester, there has been no constructive exhaustion of those administrative remedies.  See Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir. 1995) (agency can insist on exhaustion of administrative remedies as long as it responds to the request before suit is filed); Nurse v. Secretary of the Air Force, 231 F.Supp.2d 323, 328 (D.D.C. 2002).

## Conclusion

For the foregoing reasons, this case should be dismissed because the Plaintiff lacks standing to invoke the jurisdiction of this Court and for lack of exhaustion of administrative remedies.

Dated: July 17, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SKANSKA USA BUILDING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:08-cv-00988 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| CENTERS FOR DISEASE CONTROL | ) | |
| AND PREVENTION , | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF LYNN ARMSTRONG

I, Lynn Armstrong, declare as follows:

1. I am the Freedom of Information Act (FOIA) Officer for the Centers for

Disease Control and Prevention (CDC) and the Agency for Toxic Substances and Disease

Registry (ATSDR) in the U.S. Department of Health and Human Services. I have held

this position since December 6, 1998. Prior to that, I was the Assistant Freedom of

Information Act Officer, CDC/ATSDR, beginning in September 6, 1995.

2. As FOIA Officer, I supervise and direct the day-to-day activities of the

CDC/ATSDR FOIA Office. The CDC/ATSDR FOIA Office is the central CDC FOIA

Office whose responsibilities include responding to requests for information under the

FOIA for records from all operating divisions of the CDC. I determine whether to release

or withhold records, or portions of records, in accordance with the FOIA and the HHS

implementing regulations. I also coordinate efforts, as necessary, when one or more of the CDC Centers/Institutes/Offices (C/I/Os) is involved in responding to a FOIA request.

3. I make this declaration based upon my personal knowledge and upon information available to me in my official capacity.

4. This declaration describes the processing of a December 13, 2006, FOIA request from Bennett D. Greenberg of Seyfarth Shaw LLP, pertaining to funding for the construction of the Ft. Collins, Colorado Laboratory Replacement Building under Contract No. 200-2002-00668. The request does not mention Skanska USA Building Inc.

5. My office does not have any FOIA request from Skanska USA Building Inc.

6. On June 5, 2008, I sent a letter to Mr. Greenberg, advising that the agency's response to the FOIA request was almost complete, and the estimated cost for processing the request was $489.00. In accordance with the HHS FOIA regulations, I requested advance payment of the estimated fees. See 45 C.F.R. 5.44(b). As soon as my office receives the payment, we will provide the final response to the request. My office has not received payment of the estimated fees. Exhibit 1 is a copy of the June 5, 2008 letter.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 7th day of July, 2008.

Lynn Armstrong
Lynn Armstrong



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Public Health Service

Centers for Disease Control
and Prevention

June 5, 2008

Bennett D. Greenberg
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006-4004

Dear Mr. Greenberg:

This letter is in response to your Freedom of Information Act (FOIA) request of
December 13, 2006, pertaining to funding for the construction of the Ft. Collins,
Colorado Laboratory Replacement Building under Contract No. 200-2002-00668.
This is FOIA #07-00214

Your response is almost completed. The estimated cost is $489.00 (see enclosed
invoice). In accordance with the Department's implementing regulations, 45 CFR Part 5,
all fees over $250 must be paid before records are provided. As soon as we receive
payment we will finalize your request. Please follow mailing instructions on the invoice
to ensure payment is credited.

**If we do not hear from you within 30 days, we will consider your request
withdrawn.**

Sincerely yours,

Lynn Armstrong
CDC/ATSDR FOIA Officer
Office of the Chief Information Officer
(404) 639-7270
Fax: (404) 639-7395

Enclosure

Ⓟ

| Case No.: 07-00214 | **Invoice of Fees for Freedom of Information Act Services** | **CDC** |
|---|---|---|
| Date of Invoice: 6/5/08 | | DEPARTMENT OF HEALTH & HUMAN SERVICES |

| Requester's Name, Organization, and Address: | Instructions: |
|---|---|
| Bennett D. Greenberg Seyfarth, Shaw LLP Washington, D.C. | 1. **Please write the case number,** shown at the top of this form, on your check or money order. 2. Make your check or money order payable to: **United States Department of Treasury.** 3. Return one copy of this form with your remittance. 4. Mail to:   **Centers for Disease Control and Prevention FOIA Office 1600 Clifton Rd., NE,   M/S D54 Atlanta, GA 30333** |
| Category:  ☑ I    ☐ II    ☐ III | 5. Payment is due within 30 days from the date of this invoice. Interest will be charged after the due date. |

| | Service | | No. of Items or Hours | Price per Item or Hour | Subtotal | Allowance (if applicable) | Total |
|---|---|---|---|---|---|---|---|
| **Reproduction** | Standard Pages (8 1/2 x 11) or (8 1/2 x 14) | | | $   .10/page | | | |
| | Other Reproduction | | | | | | |
| **Search Costs** | Rate 1 (GS 1-8) | | | $21.00/hr. | | | |
| | Rate 2 (GS 9-14) | | | $43.00/hr. | | | |
| | Rate 3 (GS 15 & above) | | 3 hrs | $77.00/hr. | | | 231.00 |
| **Review Costs** | Rate 1 (GS 1-8) | | | $21.00/hr. | | | |
| | Rate 2 (GS 9-14) | | 6 hrs | $43.00/hr. | | | 258.00 |
| | Rate 3 (GS 15 & above) | | | $77.00/hr. | | | |
| **Computer Costs** | Machine Time, Materials | | | | | | |
| | Operator's Time or Search Time | Rate 1 | | $21.00/hr. | | | |
| | | Rate 2 | | $43.00/hr. | | | |
| | | Rate 3 | | $77.00/hr. | | | |
| **Certification** | | | | $10.00/ea. | | | |
| **Special Mailing Charges** | | | | | | | |
| | | | | Pay Total of ⟶ | | | $489.00 |

| Person Preparing Invoice  La | Phone No. (404) 639-7270 | |
|---|---|---|
| Notes | | |

CDC 0.1227 (E), Rev. 3/2003, CDC Adobe Acrobat 5.0 Electronic Version, 1/2008

FILE COPY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MAXXAM, Inc., | ) |
| Plaintiff, | ) |
| v. | ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) |
| Defendant. | ) |

Civil Action No. 98-0989
(EGS)

**FILED**

JAN 2 1 1999

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION AND ORDER

EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE.

### INTRODUCTION

Plaintiff MAXXAM, Inc., a Delaware corporation with its
principal place of business in Houston, Texas, is engaged in the
manufacture of aluminum products and forest products, as well as
real estate development and management operations. In its
complaint for declaratory and injunctive relief, plaintiff seeks
to compel defendant to make available immediately to plaintiff
and its attorney the agency records sought in the Freedom of
Information Act ("FOIA") request by plaintiff's attorney.
Plaintiff also requests that the Court award plaintiff its costs
and reasonable attorneys' fees incurred in this cause of action.

Before the Court are defendant's Motion to Dismiss, or





GOVERNMENT
EXHIBIT
GX 1
03-223(HCL)

in the Alternative, Motion for Summary Judgment, defendant's
Motion for Leave not to File a Vaughn Index, and motion by Arthur
W. Leibold, Jr., or in the Alternative, for Dechert, Price &
Rhoads, to Intervene.

## FACTUAL BACKGROUND

On December 1, 1997, the law firm of Dechert, Price &
Rhoads, counsel for plaintiff in certain matters, submitted a
request to the Federal Deposit Insurance Corporation ("FDIC")
pursuant to 5 U.S.C. § 552 of the FOIA and FDIC regulations 12
C.F.R. Part 309.5. Plaintiff's attorney sought to obtain records
relating to the contract or agreement between the Office of
Thrift Supervision and defendant. By letter dated December 9,
1997, defendant sent a letter to the law firm, acknowledging
receipt of the FOIA request and assigning the request an FDIC
identification number. The December 9th letter also stated that
due to the "large number of requests received by defendant,
processing time may be delayed."

On March 26, 1998, defendant partially responded to the
FOIA request by providing plaintiff's attorney with four
certified copies of resolutions of the FDIC Board of Directors,
and on April 17, 1998, plaintiff initiated this lawsuit. On May
7, 1998, defendant submitted its final response to the FOIA
request, releasing additional documents to the law firm and

- 2 -

withholding others.  Finally, on July 30, 1998, plaintiff's
attorney filed a motion to intervene in this lawsuit.

### DISCUSSION

Plaintiff alleges that defendant's failure to issue its
determination with respect to the FOIA request by plaintiff's
attorney within the statutory twenty day period is unlawful and
that, as a consequence, plaintiff is deemed to have exhausted its
administrative remedies with respect to that request.  Plaintiff
then requests the court to order defendant to make available
immediately to plaintiff and its attorney the agency records
sought in the FOIA request by plaintiff's attorney.  Plaintiff
also requests that the Court award plaintiff its costs and
reasonable attorneys' fees incurred in this cause of action.
Defendant moves to dismiss this lawsuit by arguing that plaintiff
does not have standing.

For the following reasons plaintiff's complaint is
DISMISSED WITH PREJUDICE, Arthur W. Leibold, Jr.'s Motion to
Intervene is DENIED, and defendant's Motion for Leave not to File
a Vaughn Index is DENIED AS MOOT.

### I.    Legal Standard

Defendant has filed a Motion to Dismiss pursuant to
Fed. R. Civ. P. 12(b)(1), or in the Alternative, a Motion for

Summary Judgment pursuant to Fed. R. Civ. P. 56. A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). In ruling on a motion to dismiss for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1), the Court must accept the allegations contained in the complaint as true, see, e.g., Gibbs v. Buck, 307 U.S. 66 (1939); Harrington v. Bush, 553 F.2d 190 (D.C. Cir. 1977), and must construe the complaint in favor of the complaining party. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Haase, 835 F.2d at 906 (quoting Warth).

The Court finds that it must determine its jurisdiction to hear this case before it can make any ruling on the merits. Therefore, the Court will view defendant's motion as a Motion to Dismiss. In support of its Motion to Dismiss, defendant argues that plaintiff lacks standing to file this lawsuit and has failed to exhaust its administrative remedies. See Memorandum in Support of FDIC's Motion to Dismiss or for Summary Judgment at 2-3. Defendant concludes that, as a result, this court lacks subject matter jurisdiction to hear this case.

## II. Standing

The Freedom of Information Act provides that any person[1] has a judicially enforceable right of access to federal

---

[1]As such, a FOIA request can be initiated by "any person," a term that includes individuals, partnerships, corporations,

- 4 -

agency records, except to the extent that such records are protected from disclosure by one of nine exemptions or by one of three special law enforcement exclusions. See 5 U.S.C. § 551(2) (1998). Upon receipt of a request for records, the agency must determine within ten days whether it will comply with the request "and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i) (West 1998).

At least one court has held that "a person whose name does not appear on a request for records has not made a formal request within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents, . . . or notice of an agency's decision to withhold the documents. . . ." McDonnell v. United States, 4 F.3d 1227, 1237 (3rd Cir. 1993). In the instant litigation, plaintiff's attorney made the FOIA request in its own name. "Accordingly, a person like [MAXXAM, Inc.] whose name does not appear on a FOIA request for records may not sue in district court. . . because [it] has not administratively asserted a right to receive them in the first place." McDonnell, 4 F.3d at 1237.

This conclusion is supported by the Federal Rules of

————————————————

associations and foreign and domestic governments.

- 5 -

Civil Procedure, which require that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a) (1998). As a result, only plaintiff's attorney had standing to bring this suit when defendant failed to comply within the statutory time limits. Therefore, plaintiff's attorney, but not plaintiff, is the real party-in-interest to this suit.[2] "Any arrangements [plaintiff's attorney] had with a third party are legally irrelevant for the purposes of [t]his FOIA request." Burka v. United States Dep't of Health & Human

----

[2]During the motions hearing on January 26, 1999, plaintiff referred the Court to cases in which courts have allowed the real party in interest to be added or substituted as plaintiffs. See, e.g., Wadsworth v. United States Postal Serv., 511 F.2d 64 (7th Cir. 1975); Range v. National R.R. Passenger Corp., 176 F.R.D. 85 (W.D.N.Y. 1997). Counsel confuses the doctrine of subrogation in insurance cases with the requirements of the FOIA. In subrogation cases, the insured is often required to initiate a lawsuit on behalf of the insurer, and in some cases either the insurer or the insured may bring the lawsuit in its own name. This practice is inconsistent with the requirements of the FOIA, which clearly specifies that it is the "requester" who may initiate a judicial proceeding.

In addition, plaintiff provides the Court with a case involving a corporate trustee who was substituted as a plaintiff after the original plaintiffs were dismissed. See Nagle v. Commercial Credit Business Loans, Inc., 102 F.R.D. 27 (E.D. Pa. 1983). Unfortunately, plaintiff fails to read beyond the portion of the section that it highlights for the court. The court in Nagle stated that "[a] purpose of the [real party in interest] rule is to protect defendants from subsequent similar actions by the party actually entitled to recover." Id. at 31. Moreover, the court continued by stating that "[i]n order to maintain this lawsuit, the trustee must be the real party in interest and possess standing to sue. The real party in interest principle is a means to identify the person who, according to the governing substantive law, is entitled to enforce the right." Id. Here, it is plaintiff's attorney who is the real party in interest and the party who has standing to sue.

- 6 -

Services, 142 F.3d 1286, 1291 (D.C. Cir. 1998). Consequently, plaintiff lacks standing to bring this lawsuit.

III. **Exhaustion of Administrative Remedies**

The general rule under the FOIA is that administrative remedies must be exhausted prior to judicial review "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby v. United States Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990).[3] The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. See 5 U.S.C. § 552(a)(6)(A)(i), (ii). Plaintiff in the instant case argues that exhaustion of remedies is not required because it exhausted its administrative remedies constructively under 5 U.S.C. § 552(a)(6)(C), which provides that:

> Any person making a request to any agency for records under paragraphs (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such

---

[3]Plaintiff argues that failure to exhaust one's administrative remedies does not automatically deprive this court of subject matter jurisdiction. See McDonnell v. United States, 4 F.3d 1227, 1240 n.9 (3rd Cir. 1992). Although failure to exhaust is by no means an automatic bar to judicial review, see Oglesby, 920 F.2d at 61, "[t]he statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request, . . . and [c]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." Id. at 61-62.

request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.

Title 5 U.S.C. § 552(a)(6)(A) sets forth the deadlines for agency responses to FOIA requests and appeals. The agency must respond to the FOIA request within ten days of receipt of the request, and must respond to an appeal within twenty days of receipt of the appeal. The FOIA allows agencies to grant themselves one ten-day extension for either the initial response or the administrative appeal, upon notice to the requester. If the agency does not respond within the statutory time limits, then the requester may bring suit. See 5 U.S.C. § 552(a)(6)(C).

In the instant case, defendant clearly did not respond to the FOIA request submitted by plaintiff's attorney within the statutory time limits, which constitutes constructive exhaustion of administrative remedies. At that point, plaintiff's attorney, but not plaintiff, had standing to seek immediate judicial review of its FOIA request but chose not to do so. Subsequent to the initiation of this lawsuit by plaintiff, defendant submitted its final response to the FOIA request, releasing additional documents to the law firm and withholding others.

The Court of Appeals for the D.C. Circuit has held that

- 8 -

"an administrative appeal is mandatory if the agency cures its
failure to respond within the statutory period by responding to
the FOIA request before suit is filed. . . . [O]nce the agency
responds to the FOIA request, the requester must exhaust his
administrative remedies before seeking judicial review."
Oglesby, 920 F.2d at 64.  The language "before suit is filed"
must be interpreted to mean "before the requester files suit."
Because plaintiff's attorney is not a party to the instant
litigation, defendant's May 7, 1998 response must be viewed as
preceding the commencement of a lawsuit by the "requester" and as
mandating an administrative appeal.  As a result, plaintiff's
attorney must follow the administrative guidelines established by
the FOIA before this Court will have subject matter jurisdiction
over this case.

IV.  Motion to Intervene

        Plaintiff's attorney attempts to circumvent the
standing requirements of FOIA by filing a motion to intervene
pursuant to Fed. R. Civ. P. 24(a) as a matter of right or as a
matter of permission pursuant to Fed. R. Civ. P. 24(b).  As
plaintiff did not have standing to bring this lawsuit initially,
plaintiff's motion cannot be treated as one of intervention but
is more accurately viewed as a motion for substitution of the
parties pursuant to Fed. R. Civ. P. 17(a).  Given the liberal

requirements of FOIA for requesting agency records, courts have been equally stringent in requiring lawsuits to be prosecuted in the name of the real party-in-interest and not allowing the substitution of parties to side-step the statute.  See, e.g., Burka v. United States Dep't of Health & Human Services, 142 F.3d 1286, 1290-91 (D.C. Cir. 1998); McDonnell v. United States, 4 F.3d, 1227, 1236-39 (3rd Cir. 1993).  Accordingly, plaintiff's motion to intervene or to substitute parties is DENIED.[4]

Moreover, the D.C. Circuit has held that "where a requester has chosen to wait past the ten-day period until the agency has responded, Congress intended that the administrative

---

[4]Even the case that plaintiff submitted to the court following the motions hearing, Nagle v. Commercial Credit Business Loans, Inc., 102 F.R.D. 27 (E.D. Pa. 1983), supports this decision.  In Nagle, the court held that,

> Under either [Fed. R. Civ. P. 24(a) or (b)] there can be no intervention, because after the dismissal [for lack of standing], there is now no entity remaining with which to intervene.  There is an additional reason to bar intervention of right: under Fed. R. Civ. P. 24(a)(2), since the proposed intervenor is not presently a party to this litigation, the disposition of this original litigation will not "impair or impede his . . . ability to protect" his interest because he is not bound by the principle of res judicata under these circumstances.  This is a requirement for intervention of right under rule 24(a)(2).  Additionally, the [attorney] cannot utilize permissive intervention, because the trustee seeks to intervene in order to cure the jurisdictional and other defects of the plaintiff's complaint.  Manufacturing jurisdiction is not a proper place for permissive intervention.

102 F.R.D. at 31 (emphasis added).

- 10 -

route be pursued to its end." Oglesby v. United States Dep't of Army, 920 F.2d 57, 64 (D.C. Cir. 1990). In fact, "[a] requester who waits long past the ten-day deadline for the agency's response and then brings suit without administrative appeal has by his actions indicated that time cannot be of the essence." Id. at 65. Although plaintiff argues that Oglesby applies only to a final determination by the agency, here, several months elapsed before this litigation was commenced. Clearly, time was not of the essence for either plaintiff or plaintiff's attorney.

## CONCLUSION

The Court will therefore DISMISS plaintiff's Complaint WITH PREJUDICE. The Court will also DENY the motion by Arthur W. Leibold, Jr., to intervene and DENY defendant's Motion not to File a Vaughn Index as MOOT.

1/28/99
_____
DATE

_____
EMMET G. SULLIVAN
United States District Judge

- 11 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAXXAM, Inc.,                                )
                                            )
                Plaintiff,                   )
                                            )
        v.                                   )       Civil Action No. 98-0989
                                            )       (EGS)   **FILED**
FEDERAL DEPOSIT INSURANCE                    )
CORPORATION,                                 )       JAN 2 8 1999
                                            )
                Defendant.                   )       NANCY MAYER-WHITTINGTON, CLERK
                                            )              U.S. DISTRICT COURT

<u>ORDER</u>

Upon consideration of defendant's Motion to Dismiss
[11-1] or, in the Alternative, for Summary Judgment [11-2], as to
plaintiff's Complaint, and supporting and opposing memoranda, and
for the reasons articulated in the accompanying Memorandum
Opinion, it is

<u>ORDERED</u> that plaintiff's Complaint be, and hereby is,
<u>DISMISSED WITH PREJUDICE</u>; and it is

<u>FURTHER ORDERED</u> that defendant's Motion for Leave not
to File a Vaughn Index [10-1] is <u>DENIED AS MOOT</u>; and it is

<u>FURTHER ORDERED</u> that the Motion by Arthur W. Leibold,
Jr., or in the Alternative, for Dechert, Price & Rhoads, to
Intervene [15-1] is <u>DENIED</u>.

<u>1/28/99</u>
DATE

EMMET G. SULLIVAN
United States District Judge

- 12 -



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Public Health Service

---

Centers for Disease Control
and Prevention

July 9, 2008

Bennett D. Greenberg
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006-4004

Dear Mr. Greenberg:

This letter is in final response to your Freedom of Information Act (FOIA) request of December 13, 2006, pertaining to construction of the Ft. Collins, Colorado Laboratory Replacement Building under Contract No. 200-2002-00668.  FOIA #07-00214

We received your check for $489.00.

Enclosed are documents you requested.

Under 5 U.S.C. 552(b)(2) of the Act and 45 CFR 5.63 of the Department's implementing regulations, we are withholding portions of the information you requested.

Portions of confidential commercial/financial information, disclosure of which would cause the submitter substantial competitive harm, were deleted under the provisions of 5 U.S.C. 552(b)(4) of the Act and 45 CFR 5.65 of the Department's implementing regulations.

We are withholding predecisional internal communications because release would interfere with the agency's deliberative process.  This decision is based upon the Act at 5 U.S.C. 552(b)(5) and the Department's implementing regulation at 45 CFR 5.66(a).

Under authority of the Act at 5 U.S.C. 552(b)(6) and the Department's implementing regulation at 45 CFR 5.67, information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, was deleted.

Page 2 – Greenberg

You have the right to appeal this decision to deny you full access to agency records. Send your appeal, within 30 days from the date you receive this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 17A-46, 5600 Fishers Lane, Rockville, Maryland 20857.  Please mark both your appeal letter and envelope "FOIA Appeal."

Sincerely yours,

Lynn Armstrong
CDC/ATSDR FOIA Officer
Office of the Chief Information Officer
(404) 639-7270
Fax: (404) 639-7395

Enclosures